```
             UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                WESTERN DIVISION AT DAYTON
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:16CR37SLO |
| | : |
| **Plaintiff,** | : **MOTION IN LIMINE TO DEEM** |
| | : **ADMISSIBLE AT TRIAL A PUBLIC** |
| **vs.** | : **RECORD** |
| | : |
| **THOMAS DiMASSIMO,** | : |
| | : |
| **Defendant.** | : |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files this motion in limine, seeking a pretrial determination concerning the admissibility of a public record pursuant to Federal Rule of Evidence 803(8).  This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at any hearing on this motion.

DATED: June 15, 2016           Respectfully submitted,

                               BENJAMIN C. GLASSMAN
                               ACTING UNITED STATES ATTORNEY

                               s/Brent G. Tabacchi
                               BRENT G. TABACCHI (6276029 IL)
                               Assistant United States Attorneys
                               Attorneys for Plaintiff
                               602 Federal Building
                               200 West Second Street
                               Dayton, OH   45402
                               Telephone: (937) 225-2910
                               Fax: (937) 225-2564

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

Under federal law, the Secretary of the Department of Homeland has the authority to direct the United States Secret Service to provide protection to certain individuals, including, "[M]ajor Presidential and Vice Presidential candidates." 18 U.S.C. § 3056 (describing the "powers, authorities and duties of the United States Secret Service"). Consistent with this statutory authority and obligation, on November 5, 2015, Jeh Johnson, the Secretary of the Department of Homeland Security, issued a letter "concluding that Secret Service protection for [Presidential candidate Donald] Trump [was] warranted" and "instruct[ing] the Secret Service to initiate [this] protection . . . as soon as practicable." *See* Ex. A, Letter of the Honorable Jeh Johnson to Mr. Corey R. Lewandowski, dated November 5, 2015.

The United States now seeks a pretrial ruling concerning the admissibility of this document at the trial of defendant Thomas DiMassimo for allegedly violating Title 18, United States Code, Section 1752(a).[1] More precisely, Secretary Johnson's letter, which

---

[1] During March 2016 -- months after the Secretary issued this letter -- Mr. Trump, now under the protection of the Secret Service, gave a speech in the Dayton, Ohio area. Prior to this speech, the United States Secret Service caused security barriers to be installed around the speaker's platform to ensure the safety of its protectee, Mr. Trump. As alleged in the criminal information filed in this case, during this event, defendant Thomas DiMassimo knowingly and without

concerns the activities of his office, constitutes a public record within the meaning of Federal Rule of Evidence 803(8)(A)(i) ("Rule 803(A)(i)") and therefore falls within a permissible exception to the prohibition against hearsay evidence. For this reason, as detailed more fully below, the United States respectfully requests that the Court deem Secretary Johnson's letter admissible hearsay concerning Mr. Trump's status as an individual under the protection of the Secret Service.

## II

## **ARGUMENT**

**A.   Secretary Johnson's Letter Constitutes Admissible Hearsay**

Secretary Johnson's letter concerning Mr. Trump's status as a protectee of the Secret Service constitutes admissible hearsay. First, this document constitutes a public record within the meaning of Federal Rule of Evidence 803(8)(A)(i). Under this provision, "[a] record or statement of a public office if it sets out the offices activities" constitutes admissible hearsay regardless of the declarant's availability. Fed. R. Evid. 803(8)(A)(i). Considered a rule of inclusion rather than exclusion, *see Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 241 (4th Cir. 1999), this provision reflects the general premise that "public officials perform their duties properly without motive or interest other than

---

authority penetrated this safety zone, leaping over these security barriers in an apparent effort to reach the platform where the Secret Service's protectee stood.

2

to submit fair and accurate reports." *In re: Vitamin C Antitrust Litigation*, 2012 WL 4511308, at *1 (E.D.N.Y. Oct. 2012) (quoting *In re: Metlife Demutualization Litig.*, 262 F.R.D. 217, 327 (E.D.N.Y. 2009). The rule applies with particular force, where, as here, the agency prepared the document -- not in anticipation of civil litigation or potential criminal prosecutions -- but rather in response to the routine, non-adversarial requirements of its governmental function. *See, e.g.*, *Wilson v. Beebe*, 770 F.2d 578, 590 (6th Cir. 1985) (holding that internal report that one government official prepared for his supervisor was "properly admitted as a public record under Federal Rule of Evidence 803(8)(A)", the predecessor provision to 803(8)(A)(i)); *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1317-18 (9th Cir. 1997) (even though generated by law enforcement officers, warrants of deportation constitute public records); *Caballero v. Holder*, 2014 WL 1763203, at *3 (D. Az. May 5, 2014)(Social Security Administration letter concerning absence of earnings constitutes a public record); *Edwards v. Clarey*, 2014 WL 546368, at *6 n.3 (E.D. Cal. Feb. 11, 2014) (jail's post orders, *i.e.*, rules of conduct, constitute public records). Accordingly, for over a century, courts routinely have admitted statements and records of government officials concerning their office's activities. *See, e.g.*, *Howard v. Perrin*, 200 U.S. 71, 73 (1906) (concluding that "certified copy of the records and papers [including letters] in the General Land Office was competent

3

evidence"); *Ballew v. United States*, 160 U.S. 187, 191-92 (1895) ("Copies of any books, records, papers, or documents in any of the executive departments, authenticated under the seals of such departments, respectively, shall be admitted in evidence"); *Beebe*, 770 F.2d at 590 (internal report of government agency admissible as activity of the agency); *Hilao v. Estate of Marcos*, 103 F.3d 767, 776 (9th Cir. 1996) (holding as admissible under Rule 803(8)(A)(i) letters from President of the Philippines to the Minister of National Defense approving requests for Presidential Commitment Orders and Preventive Detention Actions as records set forth the activities of the Philippine presidency); *Alexander v. Estepp*, 95 F.3d 312, 314 n.2 (4th Cir. 1996) ("The district court correctly held that the Applicant Register was not inadmissible hearsay [under Rule 803(8)(A)]. The Applicant Register "set[ ] forth [ ] the activities of" the fire department, namely, the ranking of applicants for employment"); *In re Oil Spill by The Amoco Cadiz*, 954 F.2d 1279, 1308 (7th Cir. 1992) (documents reflecting expenditures of French government reflected activities of an official agency and therefore admissible under Rule 803(8)(A)).

Here, Secretary Johnson's letter falls squarely within the ambit of Rule 803(8)(A)(i). By federal statute, "[u]nder the direction of the Secretary of Homeland Security, the United States Secret Service is authorized to protect the following persons: . . . Major Presidential and Vice Presidential Candidates." 18 U.S.C.

§ 3056(a)(7).  Under this federal law, "the term major Presidential and Vice Presidential candidates means those individuals as identified by the Secretary of Homeland Security" after consultation with certain other government officials.  *See id.*  Secretary Johnson's letter reflects the activities of Homeland Security in carrying out one aspect of this agency's statutorily prescribed mission – identifying major Presidential candidates whom the Secret Service should be directed to protect.  The document itself references the statutory impetus for its creation, noting that Secretary Johnson was acting "consistent with Title 18, United States Code, Section 3056(a)(7)."  *See* Ex. A.  Additionally, the letter described the activities of the agency, confirming that Homeland Security had concluded that "Secret Service protection for Mr. Trump [was] warranted" and directing "Secret Service [to] initiate [this] protection . . . as soon as practicable."  *Id.*  Because this letter sets out the activities of a federal agency, it is properly admissible under Rule 803(8)(A)(i).  *See Howard*, 200 U.S. at 73 (concluding that "certified copy of the records and papers [including letters] in the General Land Office was competent evidence"); *Beebe*, 770 F.2d at 590 (internal report of government agency admissible as activity of the agency); *Hilao*, 103 F.3d at 776 (holding as admissible under Rule 803(8)(A)(i) letters from President of the Philippines to the Minister of National Defense approving requests for Presidential Commitment Orders and Preventive Detention Actions as records set

5

forth the activities of the Philippine presidency); *Alexander*, 95 F.3d at 314 n.2 ("The district court correctly held that the Applicant Register was not inadmissible hearsay [under Rule 803(8)(A)]. The Applicant Register "set[ ] forth [ ] the activities of" the fire department, namely, the ranking of applicants for employment"); *In re Oil Spill by The Amoco Cadiz*, 954 F.2d at 1308 (documents reflecting expenditures of French government reflected activities of an official agency and therefore admissible under Rule 803(8)(A)).

### III
### CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant this motion in limine.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on defendant's counsel this 15th day of June 2016 via the Court's ECF System.

                                      s/Brent G. Tabacchi
                                      BRENT G. TABACCHI
                                      Assistant United States Attorney